675 A.2d 219

IN THE MATTER OF DAVID J. ORTOPAN,
AN ATTORNEY AT LAW.

May 15, 1996.

## ORDER

The Disciplinary Review Board on January 30, 1996, having filed with the Court its decision concluding that **DAVID J. ORTOPAN** of **ASBURY PARK,** who was admitted to the bar of this State in 1977, and who was thereafter temporarily suspended from the practice of law for failure to pay a fee arbitration award by Order of this Court dated February 13, 1996, and who remains suspended at this time, should be suspended from practice for a period of three months, respondent having taken a workers' compensation case on referral and thereafter having failed to take any action in the matter, to communicate with the client or the referring attorney, to deliver the file to the new attorney selected by the client, or to participate in any way in the ethics proceedings against him, which conduct was in violation of *RPC* 1.3, *RPC* 1.4(a), *RPC* 1.16(d), and *RPC* 8.1(b);

And the Disciplinary Review Board having further concluded that respondent should be required to provide proof of his successful completion of eight hours of courses in professional responsibility prior to reinstatement to practice;

And **DAVID J. ORTOPAN** having failed to appear on the return date of the Order to show cause why he should not be disbarred or otherwise disciplined;

. And good cause appearing;

It is ORDERED that **DAVID J. ORTOPAN** is hereby suspended from the practice of law for a period of three months and until further Order of the Court, effective immediately; and it is further

ORDERED that no application for reinstatement to practice shall be considered without proof that respondent has (1) refunded the sum of $750 to David Crane as directed by the District IV Fee Arbitration Committee; (2) paid the sanction in the amount of $500 to the Disciplinary Oversight Committee as directed by the Disciplinary Review Board; and (3) successfully completed eight hours of courses in professional responsibility; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.